# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DEE ANNA NIX**                                                                               **PLAINTIFF**

**v.**                                                      **CIVIL CASE NO. 3:18-CV-180-RP**

**NANCY BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

## JUDGMENT

     This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for a period of disability, disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law; and having heard oral argument; and for the reasons announced on the record at the conclusion of the parties' oral argument in this matter, the Court finds the Commissioner's decision is not supported by substantial evidence and should be remanded.

     Consultative examiner Bruce Bullwinkel, M.D. gave a medical opinion that due to degenerative osteoarthritis of the left hand, the plaintiff would be limited to occasional reaching. Although the ALJ in his decision took issue with Dr. Bullwinkel's opinion regarding the plaintiff's standing/walking abilities, the ALJ found "the remainder of [Dr. Bullwinkel's] assessment" -- which would include the occasional reaching limitation – "was supported by his observations, his examination, and with the preponderance of the evidence." Nonetheless, and

without explanation, the ALJ included no reaching limitation in the plaintiff's RFC. According to the vocational expert's testimony, the inclusion of an occasional reaching limitation in the plaintiff's RFC would eliminate all jobs.

"The ALJ cannot reject a medical opinion without an explanation." *Loza v. Apfel,* 219 F.3d 378, 395 (5th Cir. 2000). Although less weight, little weight, or even no weight may be given to a physician's opinion, there remains "the general rule that rejecting a conflicting medical opinion nevertheless requires an explanation." *Kneeland v. Berryhill*, 850 F.3d 749, 751, 760-61 (5th Cir. 2017) (remanding because ALJ "legally erred by rejecting an examining physician's opinion without explanation in the decision"). In this case, the ALJ offered no explanation of his rejection of Dr. Bullwinkel's assessment of an occasional reaching limitation. To the contrary, the ALJ appeared to explain his *support* of this opinion. It simply is impossible to determine whether the ALJ properly considered and weighed this opinion, which directly affects the RFC determination and the availability of jobs at step five of the sequential evaluation process. Remand is appropriate for an explanation of the rejection of the opinion.

This case is remanded to the Social Security Administration for further evaluation of the plaintiff's application, and if the decision is to deny benefits, the decision should explain the rejection of this and any other conflicting medical opinion.

This, the 17th day of May, 2019.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE